IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

ROBERT DONALD STRONG                                        PETITIONER

vs.              Civil Case No. 2:05CV00288 GH

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                 RESPONDENT

## ORDER

Robert Donald Strong has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which he states he is serving a sixty-three month sentence that was imposed on August 13, 2004, and he is scheduled for transfer to a community correctional center (CCC) on August 17, 2007. He does not challenge his conviction or his sentence. His only claim in this petition is his challenge to the Bureau of Prison's (BOP) interpretation of 18 U.S.C. § 3624(c), the statute that governs such transfers.

On December 21, 2005, the court entered an Order directing service of the Petition. The Clerk mailed a copy of the Order to Petitioner, but it was returned marked, "Inmate Not At This Institution." The BOP website, www.bop.gov, indicates Petitioner has been transferred to the Federal Correctional Institution in Milan, Michigan, which is in the Eastern District of Michigan.

"It is true that, if a district court has proper jurisdiction when a habeas petition is filed, as is the case here, a subsequent transfer of the prisoner will not defeat habeas jurisdiction, but only 'so long as an appropriate respondent with custody remain[s]' in the

district." Copley v. Keohane, 150 F.3d 827, 830 (8th Cir. 1998), quoting Jones v. Cunningham, 371 U.S. 236, 243-44 (1963). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495-99 (1973)(Section 2241 jurisdiction lies both in district of actual physical confinement and in district where court can serve process on custodian); US v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) per curiam (Jurisdiction is in district of confinement or in any district in which the BOP maintains a regional office); Cox v. Federal Bureau of Prisons, 643 F.2d 534, 536 n.3 (8th Cir. 1981)(per curiam)(finding habeas jurisdiction existed in jurisdiction where BOP's regional director could be located); McCoy v. United States Bd. of Parole, 537 F.2d 962, 964, 965-67 (8th Cir. 1976) (vacating dismissal of habeas petition where office of regional director of U.S. Board of Parole was in court's jurisdiction, holding that jurisdiction under 2241 "lies not only in the district of actual physical confinement but also in the district where a custodian responsible for the confinement is present"). Arkansas is in the South Central Region, and the Regional Office is located in Dallas, Texas. Therefore, this court no longer has jurisdiction in this matter, and the Petition should be transferred to the district in which Petitioner is confined.

THE CLERK IS DIRECTED to transfer this matter to the United States District Court for the Eastern District of Michigan.

SO ORDERED this 13th day of January, 2006.

*George Howard, Jr.*
United States District Judge